In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1917

TARA V. LUEVANO,

*Plaintiff-Appellant*,

*v.*

WAL-MART STORES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:10-cv-03999—**Virginia M. Kendall**, *Judge.*

ARGUED FEBRUARY 13, 2013—DECIDED JULY 16, 2013

Before BAUER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Tara Luevano appeals the dismissal of her sex discrimination and retaliation claims against her employer, Wal-Mart Stores, Inc. Although the appeal presents a thicket of procedural issues, its ultimate resolution on the merits is straightforward. Luevano's original, timely, pro se complaint sufficiently stated claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

The district court erred in dismissing that original complaint but correctly did not dismiss the entire action. Accordingly, Luevano's claims in the later amended complaints all relate back to the timely filing of the original complaint. We therefore reverse and remand for further proceedings on the merits of Luevano's claims. Along the way, we also address some procedural snarls that district courts can and should avoid in handling complaints filed by plaintiffs seeking to proceed *in forma pauperis* (IFP).

I. *Factual and Procedural Background*

Because the case was dismissed under Federal Rule of Civil Procedure 12(b)(6), we must assume that Luevano's factual allegations are true. Luevano works at Wal-Mart as a greeter. In 2010, she complained to her supervisor that a co-worker was repeatedly harassing her in a hostile and disruptive way. The supervisor refused to act and the harassment continued. Luevano escalated her complaints to Wal-Mart's district manager of human resources but found no relief. Instead, her working hours were cut. Luevano next filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that her male co-worker harassed her, that her supervisor refused to intervene, and that she was discriminated against based on her gender. The EEOC issued a right to sue letter telling Luevano that she had ninety days to sue in a federal district court.

On June 28, 2010, two days before the ninety-day deadline expired, Luevano filed in the district court a pro se

complaint, along with a request to proceed IFP and a request for appointed counsel (technically, recruited counsel, but we'll ignore that nuance here). Luevano used the four-page form complaint provided by the Northern District of Illinois for employment discrimination claims. She checked the boxes for sex discrimination, failure to stop harassment, and retaliation based on a protected activity. She included two handwritten pages alleging three basic things: (1) her co-worker harassed her because she was a woman; (2) her supervisor refused to correct her co-worker's behavior because the supervisor and the co-worker were both men; and (3) her supervisor retaliated against her by reducing her hours and "subject[ing her] to intimidation" because she escalated her complaints to the district manager of human resources.

Pursuant to 28 U.S.C. § 1915(e)(2), which directs district courts to screen all complaints accompanied by an IFP request for failure to state a claim, among other things, the district court dismissed Luevano's complaint without prejudice. In an order dated July 9, 2010, the court found that Luevano had failed to allege properly that the harassment or retaliation had occurred because of her sex. That finding apparently overlooked both the alleged sex discrimination by Luevano's supervisor and the fact that a retaliation claim does not require proof that the retaliation itself was motivated by sex. Retaliation for protected activity aimed at asserting or protecting legal rights is unlawful. The district court acted properly, however, in giving Luevano an opportunity to amend her complaint to cure these

perceived problems. The order told Luevano that the court would reconsider her request for appointed counsel "if she provides the Court with an amended Complaint providing a sufficient basis for the Court to find that the harassment of which she complains occurred due to her sex."

Luevano filed an amended pro se complaint on August 4, 2010. The amended complaint added: "I believe I have been discriminated [sic] because of my sex female and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, for engaging in protected activity." The amended complaint also explained that the supervisor refused to investigate Luevano's complaints and that he too participated in "making sexist comments with approval and excuses for the male harasser's offensive, hostile verbal abuse . . . ." The amended complaint added that her supervisor "confirmed male favoritism and protection" by choosing not to discipline her male co-worker. Luevano also attached to her amended complaint sections of Wal-Mart's discrimination and harassment policies, underlining the portions she felt had been violated.

On August 9, 2010, the district court granted Luevano's motion to amend her complaint. Ten days later, on August 19, 2010, the district court granted Luevano leave to proceed IFP and appointed counsel for her. The district court also gave Luevano until September 30, 2010 to file a second amended complaint with the assistance of counsel, explaining that Luevano "appears to have timely claims under Title VII and the assistance of

counsel appears reasonably necessary to enable her to present those claims to the Court."

In the meantime, on June 7, 2010, Luevano had filed a second EEOC charge alleging that Wal-Mart retaliated against her for filing the first EEOC charge. On June 30, 2010, Luevano received a second right to sue letter from the EEOC.

With the aid of appointed counsel, on September 29, 2010, Luevano filed her second amended complaint, which included all allegations in the first two complaints but did not mention the retaliation that was the subject of the second EEOC charge. The second amended complaint and summons were served on Wal-Mart on October 1, 2010.

On October 21, 2010, Wal-Mart moved to dismiss the second amended complaint as untimely because Luevano had failed to file it within ninety days of receipt of her first EEOC right to sue letter. Luevano's appointed counsel then moved to amend the second amended complaint to include acknowledgment of the second EEOC right to sue letter since the second amended complaint was filed within ninety days of receipt of the second right to sue letter. The district court granted Luevano's motion to amend her second amended complaint, resulting in a third amended complaint filed on November 24, 2010. The third amended complaint alleged, for the first time, retaliation for having filed the first EEOC charge. Wal-Mart renewed its motion to dismiss the third amended complaint as untimely.

The district court granted Wal-Mart's motion to dismiss and entered a final judgment of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 58. *Luevano v. Wal-Mart Stores, Inc.*, 2011 WL 1113401 (N.D. Ill. March 24, 2011). The district court held that all of Luevano's complaints were untimely except for her original complaint, which the court had dismissed for failure to state a claim. The district court found that "upon denial of her IFP claim and dismissal of her complaint without prejudice on July 9, 2010, the limitations period restarted, and Luevano had just two days to refile her complaint." Luevano had waited more than two days, so her first, second, and third amended complaints were filed too late. The district court also held that Luevano's third amended complaint was untimely with respect to her second EEOC charge, first mentioned in the third amended complaint, because that complaint was filed more than ninety days after Luevano received the second right to sue letter. Luevano has appealed.

## II. *Appellate Jurisdiction*

The district court's final judgment dismissing Luevano's action is appealable under 28 U.S.C. § 1291. Wal-Mart contends, however, that we do not have jurisdiction to consider the district court's July 9, 2010 dismissal of Luevano's original complaint as part of this appeal. The question is important because it affects the timeliness of Luevano's amended complaints.

The general rule is that an appeal from a final judgment allows the appellant to challenge any inter-

locutory actions by the district court along the way toward that final judgment. *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010); *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281 (7th Cir. 2002). "Until a judgment is rendered 'final' by entry of a separate document under Fed. R. Civ. P. 58, no one need appeal . . . . Interlocutory orders there-fore may be stored up and raised at the end of the case . . . ." *Kurowski v. Krajewski*, 848 F.2d 767, 772-73 (7th Cir. 1988) (internal citations omitted). The July 9, 2010 order is thus properly characterized as an inter-locutory order that we may review as part of this appeal from the final judgment.

According to Wal-Mart, however, the July 9, 2010 dismissal of the complaint without prejudice restarted the ninety-day clock when Luevano received it on July 12. With just two more days remaining of the original ninety, Wal-Mart argues, the dismissal of the complaint without prejudice ripened into a final judg-ment dismissing the entire action with prejudice on July 14, leaving Luevano thirty days to file a notice of appeal. Wal-Mart concludes that Luevano's failure to file an appeal within those thirty days means that the July 9, 2010 order became a final judgment not subject to a collateral attack in this appeal.

We reject this argument for reasons we detail below. In summary, the district court did not enter a Rule 58 judgment in connection with the July 9, 2010 order, and it contemplated additional proceedings in the case, including an amended complaint, so the order was not

an appealable final judgment. That much would be obvious in any case in which the plaintiff was not proceeding IFP, and we explain below that Luevano's use of IFP procedures does not change the result. We take this opportunity to clarify some issues in our case law regarding district courts' powers and duties in screening complaints under section 1915(e).

A.  *Final Appealable Orders*

The district court's order of July 9, 2010 dismissed only the complaint, not the entire action, and the order was not accompanied by a separate final judgment under Rule 58. That controls the issue of our jurisdiction and our ability to consider the July 9 order as part of this appeal. The simple dismissal of a complaint does not terminate the litigation. "In contrast, a dismissal of the entire action ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to Fed. R. Civ. P. 59 or Rule 60." *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir.1987).

When a district court believes it is done with a case, it enters a final judgment under Rule 58. For practical reasons, we have recognized that in some cases in which a district court has not actually entered a Rule 58 judgment, the district court believes it has finished its work. We may treat such an order as an appealable final judgment if it is clear that the district court believes it has finished its work on the case. In such cases, though, it is essential that there be a clear signal from

the district court that we should treat an order not accompanied by a final judgment as if it had been accompanied by one. *Furnace v. Bd. of Trustees of Southern Illinois Univ.*, 218 F.3d 666, 670 (7th Cir. 2000) (discussing and collecting cases in which dismissal without final judgment is considered final because "it is clear from the record that the district court found that the action could not be saved by any amendment of the complaint") (internal quotations omitted); *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. P'ship*, 845 F.2d 674, 676 (7th Cir. 1988) (collecting cases). We look to the content of a district court order to determine whether the district court terminated the action in its entirety or if the order allowed for amendment of the complaint and continuation of the action. *Furnace,* 218 F.3d at 669 ("[I]f a judgment entry dismisses only the complaint, it is not a final judgment. To determine whether a judgment is final, the language of the judgment itself is controlling.") (internal quotations and citations omitted).

In this case, the district court's July 9, 2010 order made crystal clear that the court was not finished with the case. The order found that Luevano qualified for IFP status and then screened her complaint pursuant to section 1915(e). On the merits, the order found that "Luevano has not presented a plausible basis for a claim of discrimination on the basis of her sex. Thus, Luevano's claim [sic] is not properly before the court under § 1915 and is dismissed for failure to state a claim upon which relief may be granted." In denying without prejudice the motion for appointed counsel, the court instructed that if Luevano "provides the Court with an

amended Complaint providing a sufficient basis" for her claims, the court would reconsider Luevano's request for counsel. In conclusion, the court explained that Luevano's "Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted." The district court's order not only contemplated but invited continuation of the suit via an amended complaint.

In assessing the potential finality of an order, we may analyze not only the text of the order but also the district court's behavior. Here, the district court allowed and considered multiple amendments to the original complaint, making clear that it was not finished with the case on July 9. See *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 687 (7th Cir. 1998) ("If the dismissal was without prejudice, then it was not a 'final decision' unless LeBlang could not file another complaint."). "[W]hen a district court grants a plaintiff leave to amend his pleading, the court signals that the action has not been fully and finally adjudicated on the merits, and that further proceedings will follow." *Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001). That is what happened here. If plaintiff had filed a notice of appeal for the July 9 order, we would have dismissed it. The later amended complaints and the rulings on them were merely a continuation of the original action stemming from the timely filed original complaint.

Before moving on to some of the nuances of IFP procedures, we must also acknowledge the manifest injustice that would result if we were to adopt Wal-Mart's posi-

tion that the July 9 order became final and appealable on July 14, 2010. That reasoning would place the burden on Luevano, a pro se plaintiff, to understand that the July 9 order was final and therefore appealable even when the district court itself did not understand it as such and did not enter a final judgment. Furthermore, within the thirty days Wal-Mart argues were available to appeal, the district court both considered Luevano's first amended complaint and appointed an attorney to amend that complaint.[1]

It's not as if Luevano received the dismissal without prejudice and forgot about her lawsuit. She worked actively to amend her complaint within the thirty-day period in which she supposedly could have appealed the July 9, 2010 order. This was the logical course of action, especially in the case of a pro se plaintiff who did not receive the benefit of a clear judgment of dismissal showing finality as directed by Federal Rule of Civil Procedure 58. See *Brekke v. Morrow*, 840 F.2d 4 (7th Cir. 1988) (remanding to district court to enter final judgment and to grant plaintiff a new thirty days to appeal, and dis-

---

[1] There are certain situations in which the district court cannot extend the time limit to appeal a final judgment, and in those cases we cannot review a decision resulting from a district court's improper tolling. *Bowles v. Russell*, 551 U.S. 205, 208 (2007). Here, however, we are not powerless: *Bowles* considered a district court's attempt to extend the deadline for filing an appeal; we are considering instead whether an appealable order was entered at all. *Bowles* therefore does not affect our jurisdiction.

cussing difficulty for IFP plaintiffs in discerning potential finality of order when court does not enter final judgment pursuant to Rule 58). To say, as Wal-Mart does, that the order became a final judgment on July 14, 2010 and that Luevano should have realized that and appealed the order then would impose wholly unrealistic requirements on a pro se litigant.

B.  *Equal Treatment of IFP and Fee-Paying Plaintiffs*

But for Wal-Mart's arguments based on plaintiff's IFP status, there would be no doubt about whether the July 9 order was appealable or whether the later amended complaints related back to the original complaint and were thus timely.

The filing of a complaint commences a civil action in federal court. Fed. R. Civ. P. 3. If a timely complaint is dismissed but the action remains pending, as occurred here, an amended complaint relates back to the filing of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); *Woods v. Indiana Univ.-Purdue at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993) (explaining that relation back "has its roots in the equitable notion that dispositive decisions should be based on the merits rather than technicalities"); *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (affirming Title VII judgment for employee; amended complaint filed in federal

court related back to timely original complaint filed in state court under state law).

Thus, if Luevano had paid the civil filing fee when she submitted her original complaint to the district court, there would be no doubt about her ability to proceed with her amended complaint or our ability to review the order resolving the original complaint. In arguing otherwise, Wal-Mart focuses on the fact that Luevano was not a fee-paying litigant but moved the court for IFP status. This does not matter. IFP plaintiffs have the same right as other plaintiffs to amend a timely filed complaint at least once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a) and to make further amendments with leave of court.

The only difference regarding IFP and fee-paying plaintiffs arises in section 1915(e), which directs courts to screen all complaints filed with requests to proceed IFP and provides that "the court shall dismiss the case at any time" if, among other things, the action is frivolous or malicious or "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

If a district court's *sua sponte* dismissal in such cases were without leave to amend, we would face serious questions about fair access to the courts. Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend. See *Eades v. Thompson*, 823 F.2d 1055, 1061-62 (7th Cir. 1987) ("*Sua sponte* dismissals with-

out prior notice or an opportunity to be heard on the issues underlying the dismissal, however, generally may be considered hazardous. . . . [S]*ua sponte* dismissals may prejudice plaintiffs by depriving them of an opportunity to amend their complaints or to argue against the dismissal.") (internal quotations omitted); see also *Frey v. EPA*, 270 F.3d 1129, 1131-32 (7th Cir. 2001) (in case where plaintiffs paid the filing fee: "We have warned that *sua sponte* dismissals without prior notice or opportunity to be heard are hazardous and that unless the defect is clearly incurable a district court should grant the plaintiff leave to amend . . . .") (internal quotations omitted).[2]

---

[2] There is one potential difference between IFP *applicants* and fee-paying plaintiffs that does not apply to this case. In *Williams-Guice v. Bd. of Educ. of City of Chicago*, we considered the situation in which a plaintiff applied for IFP status and that status was denied because the plaintiff had the financial wherewithal to pay the filing fee. 45 F.3d 161 (7th Cir. 1995). We considered how long a plaintiff who was correctly denied IFP status should have to pay the filing fee and then to serve the opposing party to comply with the statute of limitations. Here, however, the district court determined that Luevano qualified for IFP status, meaning she was financially incapable of paying the filing fee. Based on that determination, it screened her complaint pursuant to section 1915. That step is not necessary when the court determines that the plaintiff is ineligible for IFP status.

The district court in this case denied Luevano's initial IFP petition. It did so because it incorrectly determined that the complaint failed to state a claim, not because Luevano could

(continued...)

Those hazards are especially great because of case law, discussed further below, holding that dismissal of an entire suit (not just a complaint) without prejudice can mean that the applicable statute of limitations will have run before the plaintiff can correct the problem. For purposes of a statute of limitations, it is as if the dismissed suit had never been filed. See *Lee v. Cook County*, 635 F.3d 969, 971-72 (7th Cir. 2011); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th

---

(...continued)

afford to pay the filing fee. If the district court had *correctly* denied Luevano's initial IFP petition, then we might face what *Williams-Guice* described as a "worst case" scenario, with an IFP complaint filed shortly before the statute of limitations was about to run out, which is often the case with employment discrimination cases. See 45 F.3d at 165. In that case, we might have to consider whether to extend the "reasonable time" that *Williams-Guice* sensibly suggested should be allowed for an unsuccessful IFP applicant to pay the filing fee, see *id.*, to a case where the unsuccessful applicant responded with a successful amendment to the complaint. Because the district court erred in denying Luevano's original IFP application, though, our correction of that error in this decision means that Luevano's original complaint should be deemed filed in a timely manner, as if the district court had not made that error. Finally, note that a district court can avoid the complications we face here by keeping an IFP application under advisement, rather than denying it, while the plaintiff is given a reasonable but finite time to try to cure the problems the court finds with the complaint.

Cir. 2000). Under the reasoning of those cases, the conditional suspension of the statute of limitations clock that occurs upon filing the complaint not only comes to an end but is actually undone retroactively. Thus, for example, if the district court here had actually dismissed the entire suit on July 9, the statute of limitations would be deemed to have run in the meantime, on June 30. This hazard is present in any type of case but is especially great in cases subject to very short filing deadlines, such as Title VII employment discrimination cases.

Focusing on Luevano's IFP status, Wal-Mart implicitly asks us to adopt a rule under which IFP plaintiffs do not have leave to amend as a matter of right after a section 1915 *sua sponte* dismissal for failure to state a claim. We reject that proposed rule. District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a).

Under Rule 15(a), fee-paying plaintiffs enjoy leave to amend whenever "justice so requires" and, as a matter of course, almost always get an opportunity to amend their complaint at least once. *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."); *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) ("A plaintiff is entitled to amend the complaint once as a matter of right, Fed. R. Civ. P. 15(a), and a court should 'freely give leave [to file an amended complaint] when justice so requires.' Fed. R. Civ. P. 15(a)(2).")

(brackets in original); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[A]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.") (internal quotations omitted).

This liberal pleading rule is consistent with the directive in section 1915(e) that a court "shall" dismiss an IFP case if the complaint fails to state a claim for relief. The statute does not require that the dismissal be with prejudice and without leave to amend. All but one of the circuits that have decided the question have held that IFP plaintiffs have the same right to amend that fee-paying plaintiffs enjoy. These circuits have crafted a sensible rule: IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend.[3]

---

[3] See, *e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (holding that section "1915(e)(2) did not alter our preexisting rule that *in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that "[a] clearer expression of congressional intent should be required before we discard 50 years of case law" that plaintiffs, IFP or not, should be granted leave to amend their complaints liberally pursuant to Rule 15(a)); *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir.

(continued...)

We agree with our colleagues in these other circuits. Dismissals under section 1915(e) should be treated like dismissals under Rule 12(b)(6).[4] This approach also

---

(...continued)

1999) (per curiam) ("Although the language of § 1915 is mandatory, stating that 'the court shall dismiss the case' in the enumerated circumstances, we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). It appears that only the Sixth and Eighth Circuits have come to opposite conclusions. See, *e.g.*, *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (holding that under the PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal"), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit recently overruled this approach, however, in *LaFountain v. Harry*, holding that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." No. 11-1496, 2013 WL 2221569, at *5 (6th Cir. May 22, 2013). This leaves in opposition only the Eighth Circuit, which allows district courts to grant IFP plaintiffs leave to amend upon section 1915 dismissal but does not require them to do so. See, *e.g.*, *Love v. Andrews*, 8 Fed. Appx. 602, 603 (8th Cir. 2001) (per curiam).

[4] We have indicated agreement on this point before, but in a non-precedential order, and thus today elevate the point to circuit precedent. See *Timas v. Klaser*, 23 Fed. Appx. 574, 578 (7th

(continued...)

enjoys support from the Supreme Court, which, when considering the pleading rules that circuits developed to ensure satisfaction of the Prison Litigation Reform Act's requirement to exhaust administrative remedies, explained that "the PLRA's screening requirement does not — explicitly or implicitly — justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones v. Bock*, 549 U.S. 199, 214 (2007). We therefore join the majority of other circuits in interpreting section 1915(e) not only to permit granting IFP plaintiffs leave to amend complaints dismissed for failure to state a claim but also to require granting IFP plaintiffs leave to amend their complaints at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants.[5]

---

(...continued)

Cir. 2001) (explaining that the "right to amend as a matter of course survives a grant of a motion to dismiss, which is analogous to a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A," but finding that proposed amendments would be futile).

[5] We have previously recognized an additional interpretive question regarding section 1915's use of the word "case," leaving as an open question whether or not section "1915(e)(2)'s requirement that 'the case' be dismissed necessitates the dismissal of the entire action or merely the complaint . . . ." *Furnace v. Bd. of Trustees of Southern Illinois Univ.*, 218 F.3d 666, 669 (7th Cir. 2000). Today we also resolve that issue: Section 1915 requires the district court to dismiss only the complaint, not the entire action, and the court should grant

(continued...)

Under Rule 15(a), Luevano would have been entitled to leave to amend, so she was equally entitled to leave to amend after the *sua sponte* dismissal in the July 9, 2010 order, which the district court properly allowed. As far as we are concerned, then, there is no difference between IFP and fee-paying litigants upon a dismissal without prejudice. They are equally entitled to amend as a matter of right, and an amended complaint within the scope of Rule 15(a) relates back to an original, timely-filed complaint. Here, all three of Luevano's amended complaints assert claims arising out of the conduct set out in the original complaint: the alleged harassment by a co-worker and her supervisor, and the ensuing retaliation against her for complaining both internally and then to the EEOC.

Relation back in Luevano's situation is exactly what Rule 15(c) intends. See, *e.g.*, *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1018 (7th Cir. 1988) (allowing relation back of amendment to complaint for age discrimination to make action a representative action and thus to allow some plaintiffs to take advantage of other plaintiffs' filing of EEOC charges); *Gordon v. Green*, 602 F.2d 743, 747-48 (5th Cir. 1979) (where prolix complaint was properly dismissed for failure to provide "a short and plain" statement of the claims, amended complaint would relate back to the original filing).

---

[5] (...continued)
leave to amend in all cases in which a fee-paying plaintiff would enjoy leave to amend under Rule 15(a).

C. *Wal-Mart's Remaining Arguments*

To avoid this result and block consideration of the merits of the July 9, 2010 order of dismissal, Wal-Mart relies on two cases, *Lee v. Cook County*, 635 F.3d 969 (7th Cir. 2011), and *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000). Both cases held that the plaintiffs' suits were time-barred because earlier, timely suits had been dismissed without prejudice.

As we explained in *Elmore*, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed," and this rule is needed to prevent nullification of statutes of limitations by repeated filings and dismissals. 227 F.3d at 1011. Wal-Mart contends that the July 9, 2010 order in this case had the effect of dismissing Luevano's suit without prejudice, so that for purposes of the statute of limitations, it is as if her original and timely complaint had never been filed. The district court accepted this rationale in dismissing Luevano's suit after the filing of the third amended complaint. *Luevano*, 2011 WL 1113401, at *2.

*Lee* and *Elmore* do not apply here for a simple reason. In both, the earlier cases had been dismissed with final judgments that dismissed the entire cases without preju- dice. As we have explained, the July 9, 2010 order in this case dismissed only the complaint, not the entire case. The timely-filed case remained pending, and plaintiff could amend her complaint to address the prob- lems found by the district court. *Lee* and *Elmore* there- fore do not undermine our conclusion that the July 9,

2010 order was not final and did not ripen into a final judgment on July 14, 2010.[6]

Finally, Wal-Mart argues that we do not have jurisdiction to consider the July 9, 2010 order in this appeal because Luevano did not refer to that order in her notice of appeal. Such a reference was not necessary. Federal Rule of Appellate Procedure 3(c) specifies the required contents of a notice of appeal: identify the parties taking the appeal; the judgment, order, or part thereof being appealed; and the name of the court to which appeal is taken. Luevano's pro se notice of appeal here has been construed as appealing the district court's final judgment of dismissal issued March 24, 2011. Since the July 9, 2010 order is properly understood as an interlocutory order, the notice of appeal from that final judgment was sufficient to provide Wal-Mart notice of the consideration of the interlocutory order. See *Weiss v. Cooley*, 230 F.3d 1027, 1031 (7th Cir. 2000) ("a notice of appeal

---

[6] If Wal-Mart and the district court's theory were correct, then Luevano would not have had even the two days until July 14, 2010 to file an amended complaint. Under *Lee* and *Elmore*, the dismissal of the suit without prejudice has the effect of retroactively nullifying the tolling of the statute of limitations that ordinarily occurs upon filing, so the statute of limitations would have been deemed to have run on June 30, 2010, more than a week before the district court issued its decision dismissing the original complaint. This is the sort of procedural conundrum that can be avoided by ensuring that the court's initial screening under section 1915(e) results in a decision dismissing only the complaint, not the entire suit.

from a final judgment . . . is adequate to bring up everything that preceded it"); *Kunik v. Racine County*, 106 F.3d 168, 172 (7th Cir. 1997) (noting that Rule 3(c) does not require that "every individual order in a case that preceded final judgment . . . be separately designated in order to be part of the appeal"). This argument therefore provides no barrier to our consideration of the July 9, 2010 order as the notice of appeal here is sufficient.

To sum up our discussion of our jurisdiction to consider the July 9, 2010 dismissal of the original complaint, "[a] decision is appealable under 28 U.S.C. § 1291 as a final decision . . . only if the district court is finished with the case. A dismissal without prejudice is an appealable final order if it ends the suit so far as the district court is concerned or if there is no amendment a plaintiff could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations. But a dismissal without prejudice is not appealable if it amounts to merely telling the plaintiff to patch up the complaint or take some other easily accomplished step; in that event it is no more reviewable than the resolution of a discovery dispute or equivalent interlocutory ruling." *Taylor-Holmes v. Office of Cook Cty. Public Guardian*, 503 F.3d 607, 609-10 (7th Cir. 2007) (internal quotations and citations omitted). This is as true for IFP plaintiffs as it is for fee-paying plaintiffs. The July 9, 2010 order was not final because the district court made it clear that it was not done with the entire action. Luevano was

entitled to amend her complaint at least once as a matter of right, as the district court properly allowed.[7]

III. *The Merits of the July 9, 2010 Order*

On the merits, we conclude that the district court erred in dismissing Luevano's original complaint for failure to state a claim upon which relief may be granted. We review dismissals under section 1915(e)(2)(B) *de novo* and apply the same standards that apply to Rule 12(b)(6) dismissals, "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Luevano used the four-page form complaint provided by the Northern District of Illinois for employment discrimination claims. She checked the boxes for sex discrimination as well as failure to stop harassment and retaliation based on a protected activity. The complaint form provides just six lines to state the "facts supporting the plaintiff's claims of discrimination,"

---

[7] The district court here followed the correct procedure by dismissing only the original complaint and allowing leave to amend. The order did not include a specific time limit for filing an amendment, though Luevano filed an amended complaint promptly, within a few weeks. We believe the better practice is to include a specific time limit in such orders to avoid inordinate delay and to protect the rights of defendants to receive timely notice in those cases that will proceed.

implying that the statement should be concise. Instead of filling in these six lines, Luevano's original complaint alleged in two attached pages of handwritten detail that she had suffered harassment at the hands of her co-worker for months, and despite repeated complaints to her supervisor, her supervisor "made excuses for his disorderly conduct and did nothing."

She further alleged that "after asking my male manager once again what was being done about my complaints, he told me he understood my harasser because he's a male and that he wanted to help him and related situation [sic] to his brother and himself both males." Luevano further alleged that after complaining to the human resources district manager about her supervisor's unwillingness to stop her co-worker's harassment, she was "then subjected to intimidation by my manager being watched on my breaks and ultimately they cut my hours." Luevano also alleged that "as a result of the harassment I have suffered serious medical issues and expenses." She attached to her form complaint her first EEOC charge and right-to-sue letter, an electronic time sheet showing her reduction in hours, a police report documenting a report she made against the male co-worker, and a medical form requesting leave of absence due to emotional and physical distress.

The original complaint stated claims for relief. As a preliminary matter, the pleading standards for pro se plaintiffs are considerably relaxed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), even in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). See *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (reminding courts to "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers"); see also *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (explaining after *Iqbal* that the plaintiff need only "give enough details about the subject-matter of the case to present a story that holds together").

Furthermore, the Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (explaining that "we have rejected the argument that a Title VII com plaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings'") (internal quotations omitted) (brackets in original). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.*

While there is some unresolved tension between *Swierkiewicz* and the Court's later decisions in *Twombly* and *Iqbal*, we have "affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085 (plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender"). Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them. *E.g.*, *State Oil Co. v. Khan*, 522 U.S. 3 (1997).

The district court found that Luevano did not plead facts sufficient to show that her co-worker harassed her because of her sex. Even if that was correct, the district court failed to address Luevano's viable claim that her supervisor discriminated against her because of her sex and her claim that her supervisor subjected her to a hostile work environment.[8] The court seemed to construe the complaint as alleging that only the male co-

---

[8] A plaintiff can prove a hostile environment claim without proving that the serious hostile behavior is sexual in content as long as it was motivated by the plaintiff's sex. Thus, "a plaintiff can proceed on a claim when the work environment is hostile because it is sexist rather than sexual." *Passananti v. Cook County*, 689 F.3d 655, 664 (7th Cir. 2012) (internal quotations omitted) ("To be actionable as sexual harassment, the unwelcome treatment need not be based on unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature.") (internal quotations omitted).

worker was the harasser, so that Luevano had not alleged that the harassment was motivated by a protected characteristic, in this case her sex. When the supervisor is the harasser, the employer is strictly liable, subject to an affirmative defense if there was no tangible employment action. *Williams v. Waste Mgmt. of Ill., Inc.*, 361 F.3d 1021, 1029 (7th Cir. 2004).[9]

Luevano's first complaint pled facts consistent with supervisor-based harassment that, under the lenient pleading standards for pro se plaintiffs, were sufficient to state a claim that her supervisor harassed her because of her gender. She clearly pled that her supervisor chose not to remedy the situation because her supervisor and Luevano's co-worker were both males and her supervisor wanted to help him just as he helps his brother. She also attached documents, not required by the concise form provided by the Northern District of Illinois, indicating that she suffered medical conse-

---

[9] The Supreme Court recently affirmed this court's approach to who is a supervisor for purposes of hostile environment claims under Title VII. *Vance v. Ball State Univ.*, ___ U.S. ___ (June 24, 2013), aff'g 646 F.3d 461 (7th Cir. 2011). We need not consider yet whether Luevano's immediate supervisor qualified as a supervisor under *Vance*, for her initial and amended complaints alleged, among other things, that her hours were cut in retaliation for her complaints. It is too early at this pleading stage to figure out whether, if the immediate supervisor was not a supervisor under *Vance*, Wal-Mart could be held liable for harassment on the theory that it was negligent in failing to stop the harassment.

quences as a result of the alleged intimidation and harass-
ment by her manager. Luevano thus sufficiently pled
the facts necessary to state a claim that she was harassed
by her supervisor.

Luevano's original, timely complaint also included a
viable claim for retaliation. To plead a retaliation
claim under Title VII, a plaintiff must allege that she
engaged in statutorily protected activity and was
subjected to adverse employment action as a result of that
activity, though she need not use those terms, of course.
See *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 483
(7th Cir. 1996). Even at the summary judgment stage,
which requires more from the plaintiff than the
pleading stage, "[t]o establish a *prima facie* case of re-
taliation, an employee need not present proof of a
causal link between the protected expression in which
the plaintiff engaged (as by filing a complaint about an
unlawful act by his employer) and the adverse employ-
ment action of which he is complaining." *Johnson v. Cam-
bridge Industries, Inc.*, 325 F.3d 892, 897 (7th Cir. 2003)
(internal quotations omitted). Here the statutorily pro-
tected activity was the filing of the complaint against
Luevano's supervisor. The materially adverse action
was reduction of assigned working hours. These were
sufficient to meet the first two requirements of a *prima
facie* claim, which is all Luevano needed to do at that stage.

Luevano thus sufficiently pled a claim for retaliation.
Furthermore, a plaintiff "need not succeed on her sexual
harassment claim to make out a prima facie case of retalia-
tory discharge." *Dey v. Colt Const. & Dev. Co.*, 28 F.3d

1446, 1458 (7th Cir. 1994). "In order for plaintiff's expression to be protected by section 2000e-3(a), the challenged practice need not actually violate Title VII. Instead, it is sufficient if the plaintiff has a reasonable belief she is challenging conduct in violation of Title VII." *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1314 (7th Cir. 1989). The district court thus erred in finding that Luevano's first complaint failed to state a claim upon which relief could be granted for both supervisor-based harassment and retaliation.

Wal-Mart argues, and the district court found, that Luevano's third amended complaint could not relate back to her second amended complaint because the third amended complaint added a new claim under a new EEOC right to sue letter, which was based on a new EEOC charge alleging retaliation for having filed the first EEOC charge. Luevano contends the second amended complaint did refer to the second EEOC right to sue letter. The parties' briefs have focused on the second right to sue letter and whether or not the third amended complaint can relate back to the second amended complaint because the second right to sue letter started a new ninety-day statute of limitations.

Our course correction regarding the district court's handling of the original complaint, renders this debate academic. Luevano's first, second, and third amended complaints should all be understood to relate back to her first complaint if Luevano should find that advantageous in crafting her claims when this case returns to the district court. Furthermore, under *Cheek v. Western &*

*Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), there need only be "a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." We have held for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/ charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996) (collecting cases); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), superseded by statute on other grounds. Luevano could add a claim for the alleged further retaliation to an amended complaint so long as the amendment would be permissible under Rule 15(a).

The district court's judgment dismissing the action is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.