**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided March 31, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-1163

| | |
|---|---|
| TRAZELL DELONTE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 14-C-1587 |
| DUNCAN SOLUTIONS, INC., and | |
| PROFESSIONAL ACCOUNT | Rudolph T. Randa, |
| MANAGEMENT, LLC., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

In December 2014, proceeding *pro se* and *in forma pauperis*, Trazell Delonte filed a two-paragraph complaint alleging generally that two corporations, Professional Account Management and Duncan Solutions, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, when they attempted to collect a debt from him. The

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See FED. R. APP. P. 34(a)(2).

district court screened the complaint, see 28 U.S.C. § 1915(e)(2), and dismissed it with prejudice for failure to state a claim because it lacked any factual allegations that might put the defendants on notice of the claims against them.

On appeal Delonte elaborates on his original allegations, see *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013), and states that Professional Account Management sent him a misleading dunning letter in May 2013 in its attempt to collect on unpaid traffic tickets. He argues that Professional Account Management's statement that it "is representing the District of Columbia Government" in the collection of the debt violates 15 U.S.C. § 1692e(1), which prohibits a debt collector from falsely representing that it is affiliated with a government entity. He also asserts that the use of the term "ONPROF40" in one of the return addresses on the payment stub attached to the letter violates § 1692e(14), which prohibits a debt collector from using any business name that is not the "true name of the debt collector's business" in its collection attempts. Finally Delonte informs us that the defendants did not respond to a letter he sent them in November 2014.

When screening a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court should typically grant a *pro se* plaintiff leave to amend before dismissing with prejudice. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024–25 (7th Cir. 2013). But Delonte's brief on appeal demonstrates that amending his complaint would be futile. See *id.* at 1024 & n.4. Private actions under the Fair Debt Collections Practices Act must be brought within one year of the date of the violation, see 15 U.S.C. § 1692k(d); *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010), and Delonte stated in his brief that he received the allegedly misleading letter nineteen months before he filed his complaint. And the defendants' failure to respond to a letter he sent them—eighteen months after he received a debt collection letter from one of them—does not state a claim under the Fair Debt Collections Practices Act.

AFFIRMED