NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018[*]
Decided October 23, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1254

| | |
|---|---|
| OLA D. DICKENS, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 17 C 7897 |
| STATE OF ILLINOIS, et al., | |
|     *Defendants-Appellees.* | Rebecca R. Pallmeyer, |
| | *Judge.* |

**O R D E R**

Ola Dickens clearly is distressed, but her pleadings are difficult to follow. Dickens alleges that police and government officials failed to investigate her concerns that she is being stalked, surveilled, and threatened, though details are scarce. We also

---

[*] We have agreed to decide the case without oral argument because it would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

understand her to allege that she was arrested twice, in October 2012 and July 2015, and to challenge the general validity of these arrests. There is no obvious link among the events Dickens discusses but she appears to allege an overarching scheme to harm her. The district court dismissed the case, and we affirm.

Before turning to the merits of Dickens's arguments on appeal, we consider the procedural posture of the case. Dickens filed this pro se suit on July 12, 2017, and petitioned to proceed in forma pauperis. *See* 28 U.S.C. § 1915. The district judge granted this request but struck the complaint because she was "unable to determine from the current complaint that Ms. Dickens has any non-frivolous claim for relief." The judge granted Dickens leave to file an amended complaint that "provide[d] specifics about the identity of the wrongdoers, the actions they took, and the dates on which the alleged wrongdoing took place." Dickens responded by filing six proposed amended complaints. She dated the first two November 7 and named the State of Illinois as the sole defendant. One of these contained a ream of exhibits. She filed four more complaints later that month, each against different defendants. The judge considered all six collectively as the "amended complaint" and concluded that "Dickens's difficulties do not support a timely federal claim." She dismissed the case and then denied Dickens's motion for reconsideration.

Section 1915(e) "directs courts to screen all complaints filed with requests to proceed IFP and provides that 'the court shall dismiss the case at any time' if, among other things, the action is frivolous or malicious or 'fails to state a claim on which relief may be granted.'" *Luevano v. Wal-mart Stores, Inc.*, 722 F.3d 1014, 1024–25 (7th Cir. 2013) (quoting 28 U.S.C. § 1915(e)(2)); *see also Coleman v. Labor and Industry Review Comm. of Wis.*, 860 F.3d 461, 465 (7th Cir. 2017). The district court, which did not specifically invoke § 1915(e), concluded that the amended complaints, taken together, failed to state a claim.  We therefore apply the same standard that applies to motions under Federal Rule of Civil Procedure 12(b)(6) and assess whether Dickens's allegations, taken as true, state a plausible claim for relief under any possible legal theory. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). We agree with the district court that they do not.

Dickens's appellate brief primarily restates the allegations she made in the district court—that she has been stalked and threatened by "criminals using illegal surveillance systems" ever since she complained of noise from a nearby railway.  She alleges that government entities, including the Illinois Attorney General, and law enforcement officers from at least three different municipalities failed to investigate her

claims. She also refers vaguely to the foreclosure of her home and loss of her job. She argues, therefore, that the district court made the following "mistake[s]" by dismissing her complaint: (1) "finding no basis" in her exhibits "to conclude that any of plaintiff's Civil Rights have been violated"; (2) concluding that she "had not alleged a timely claim within [the] court's jurisdiction"; and (3) "concluding that individuals don't have free Standing rights to be free from surveillance."

Dickens filed form complaints for civil-rights cases brought under 42 U.S.C. §§ 1983, 1985, and 1986. We find no allegations that could be interpreted to state a claim for relief under § 1985, which "permit[s] recovery from a private actor who has conspired with state actors" to, among other things, deprive a person or class of persons of the equal protection of the law. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). 42 U.S.C. § 1985(3). Nor do we see a plausible claim that any defendants refused to prevent such a conspiracy for purposes of § 1986. *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 820 (7th Cir. 2015). The complaint's allegations are simply too general and conclusory. Moreover, liability under § 1986 depends on an underlying violation of the plaintiff's civil rights. *See id.*

But Dickens's allegations do not state a claim for such a violation, and so her § 1983 claim also was appropriately dismissed. We cannot discern allegations that could add up to a possible violation of due process or equal protection. To the extent she challenges either her 2012 or 2015 arrests under the Fourth Amendment, her claims would be barred by the two-year statute of limitations under § 1983 for claims brought in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The district court appropriately considered that affirmative defense because it is evident on the face of the pleadings. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Another impediment to Dickens's § 1983 claim is her failure to identify specific state actors who personally participated in the conduct of which she complains. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), *cert. denied*, 138 S.Ct. 657 (2018). Finally, as the district court correctly concluded, Dickens does not have a constitutional right to compel police or others to investigate her concerns about the stalking, surveillance, and other harassment she alleges. *See Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 756 (2005). Dickens lacks authority for her contention to the contrary.

Finally, contrary to Dickens's argument, the district court was not required to sift through her many exhibits to tease out a valid claim. *See United States v. 5443 Suffield*

*Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010). We note, however, that the order makes clear that the district judge read every page.

AFFIRMED