NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 26, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2438

| | |
|---|---|
| JEANINE L. JACKSON,<br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-0769 |
| PITNEY BOWES, INC., et al.,<br> *Defendants-Appellees.* | Lynn Adelman,<br> *Judge.* |

**O R D E R**

After she was fired from her job for arguing with a co-worker, Jeanine Jackson sued her former employer and three of its employees for wrongful discharge and other state-law torts. The district court correctly ruled that it lacked subject-matter jurisdiction over this suit, so we affirm the judgment.

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A). The defendants were not served with process in the district court and are not participating in this appeal.

Jackson principally alleges that Pitney Bowes fired her, a temporary employee, for having a workplace argument, but retained two permanent employees involved in a similar dispute. She also alleges that the company created a hostile environment for temporary workers, retaliated against her because she threatened to sue it for negligent supervision, and harmed her through its negligence. The district court dismissed the suit at screening for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915A.

On appeal, Jackson's brief does not engage with the district court's analysis or otherwise argue why the court erred. Although we could dismiss the appeal on this basis alone, *see* FED. R. APP. P. 28(a), we have reviewed the substance of the complaint and conclude that federal subject-matter jurisdiction is indeed lacking.

Citing 42 U.S.C. § 1981, Jackson purports to invoke only federal-question jurisdiction. *See* 28 U.S.C. § 1331. But the complaint does not present a federal question under § 1981 or any other federal employment-discrimination statute. To state a question under federal law for race discrimination, a plaintiff need only allege "I was turned down for a job because of my race." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Jackson does not allege that any defendant treated her differently, or with hostility, because of her race, or, for that matter, any other protected category like sex, religion, or age, *see* 42 U.S.C. §§ 1981, 2000e-2; 29 U.S.C. § 623, or that a defendant retaliated against her for protesting such discrimination, *see* 42 U.S.C. § 2000e-3(a).

The district court might have considered allowing Jackson to amend her complaint if doing so could have corrected this defect. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). But an amendment would have been futile. Jackson alleges that the defendants discriminated against her because she was a temporary worker and because she threatened to sue Pitney Bowes for negligence. As the district court correctly noted: "Temporary employment is not a protected class, and threatening to [sue] for negligence is not protected activity" under any federal law.

Lacking federal jurisdiction, the district court correctly dismissed Jackson's state-law claims without prejudice. A district court has no discretion to retain supplemental state-law claims when no basis for original federal jurisdiction exists. *See* 28 U.S.C. § 1367; *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 617–18 (7th Cir. 2018), *as amended on pet. for reh'g* (Jan. 14, 2019).

AFFIRMED