**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 27, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2508

| | |
|---|---|
| MARCIA JOANNE MCNEIL, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cv-129-jdp |
| THE SALVATION ARMY, et al., <br> *Defendants-Appellees.* | James D. Peterson, <br> *Chief Judge.* |

**O R D E R**

Marcia Joanne McNeil, a deaf woman, contends that the Salvation Army and two of its employees retaliated against her for filing a charge of discrimination against the Salvation Army over 20 years ago. The district court dismissed her complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Because some of her claims are time-barred and the remaining allegations do not state a claim, we affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See FED. R. APP. P. 34(a)(2).

McNeil submitted three filings that the district court considered together as her final complaint. McNeil applied to work at a Salvation Army summer camp in 1996 as a leader of arts-and-crafts and other recreational activities. The Salvation Army offered her a job as a dishwasher. Believing that she was rejected for the other positions out of hostility to her deafness, she filed a charge with the Equal Employment Opportunity Commission against the Salvation Army alleging disability discrimination.

The alleged retaliation began in 1997. First, while attending a "Women Home League Camp" with the Salvation Army Church in 1997, McNeil noticed that some unnamed women were glaring at her and talking about her EEOC charge. McNeil also felt that other attendees were unfriendly to her. She spoke with an employee to get him to "do something about this problem," but he ignored her request and kicked her out of both the camp and its church. Second, about three years later, another employee harassed her by driving past her home and appearing in a parking lot near where McNeil was shopping. McNeil also alleges that the retaliation continued over the next 20 years, during which time unnamed people behaved suspiciously around her. For example, cars and motorcycles occasionally have driven past her house; McNeil has received dirty looks from people in grocery stores; a driver once used a cellphone to photograph her; and she has received prank calls at home.

Viewing this "harassment" as retaliation for her 1996 charge, McNeil sued the Salvation Army and the two employees under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. After giving McNeil two chances to amend, the district court dismissed her complaint at screening for failure to state a claim.

We review dismissals under 28 U.S.C. § 1915(e)(2) de novo and apply the same standards that we apply to Rule 12(b)(6) dismissals, taking McNeil's well-pleaded allegations as true and viewing them in the light most favorable to her. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). We begin with her allegations about the unnamed people who have made dirty looks, placed unwanted calls, and driven past her home over the last two decades. Only action taken by an *employer* that is materially adverse to the plaintiff violates the anti-retaliation provisions of the ADA. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (Title VII); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504, n.3 (7th Cir. 2004) (construing ADA consistently with Title VII). McNeil has not plausibly alleged that the Salvation Army knew about, let alone approved or orchestrated, the unwanted traffic, glances, and phone calls she described. Accordingly, these allegations fail to state a claim of retaliation against the Salvation Army.

The two discrete acts of retaliation that McNeil plausibly attributes to the Salvation Army are blocked by the passage of time. Those two events are her ejection from a Salvation Army camp and church in 1997 and harassment at home and while shopping three years later. She had 300 days from each event to file an administrative charge of retaliation, *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 536 (7th Cir. 2013), and 90 days after the resolution of the charge to sue. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009). Ordinarily a district court should not dismiss a suit based on the affirmative defense of the statute of limitations. *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009). But it may do so if the dates provided in the complaint establish that the suit is "hopelessly time-barred," as is the case here. *Id.*

Finally, the claims that McNeil brings under the ADA against employees are legally meritless. The ADA permits claims only against employers, not individual employees. *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995).

AFFIRMED