**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 3, 2019[*]
Decided April 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3557

| | |
|---|---|
| DAISY HERNANDEZ, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 CV 06842 |
| JANINA NIEVES, et al., <br>     *Defendants-Appellees*. | John J. Tharp, Jr., <br> *Judge*. |

**O R D E R**

Daisy Hernandez alleges that, in January 2013, Jessifer Home Health Agency, Inc., constructively discharged her based on her age, sex, and national origin. Afterward, she asserts, her former supervisor stalked, surveilled, and threatened her— though details are scarce. We also understand Hernandez to blame her supervisor for the fact that she has not held any job for longer than a year since she left the Agency. Hernandez also appears to allege an overarching conspiracy to harm her, and, in her

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

complaint, she cites Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17, the Age Discrimination Employment Act, 29 U.S.C. § 621–34, and 42 U.S.C. § 1981. The district court dismissed the case because her claims were time-barred, and we affirm.

In September 2018, more than five years after Hernandez resigned from her job, she filed an EEOC charge against the Agency, alleging that she was discriminated against because of her age, sex, and national origin. She received her right-to-sue notice two days later, and in October 2018, Hernandez filed this pro se suit and petitioned to proceed in forma pauperis. *See* 28 U.S.C. § 1915. The district court granted her in forma pauperis request but dismissed the complaint because, "[e]ven construing [it] liberally," the court could not discern allegations that might be grounds for an employment-discrimination claim. *See* § 1915(e); *Coleman v. Labor & Indus. Review Comm. of Wis.*, 860 F.3d 461, 465 (7th Cir. 2017). The court granted leave to amend, instructing Hernandez to clarify the timing of "the employment that is the subject of her claim." It noted, however, that her claims were likely time-barred "[t]o the extent that [they were] … premised on her 2013 resignation/termination" from the Agency. She had filed her EEOC charge related to her Title VII claims well outside the 300-day window, *see* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B), and the four-year statute of limitations for her § 1981 claim had expired, *see* 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–84 (2004). The ADEA, moreover, did not apply because Hernandez was under 40 years of age. *See* 29 U.S.C. § 631(a). Hernandez refiled, but her amended complaint provided little more detail. She did clarify, however, that her claims were related to her 2013 employment with the Agency. The district court again dismissed her complaint for failure to state a claim, this time with prejudice because amendment would be futile.

We review § 1915(e) dismissals de novo and apply the same standard that applies to motions under Federal Rule of Civil Procedure 12(b)(6), assessing whether Hernandez's allegations, taken as true, state a plausible claim for relief under any legal theory. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Although the statute of limitations is ordinarily an affirmative defense, the district court may consider it at screening if the complaint's own allegations establish that it is untimely. *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015).

On appeal, Hernandez argues that her claims were subject to equitable tolling based on her supervisor's alleged harassment of Hernandez *after* she left the Agency. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112–14 (2002) (continuing

violations can support equitable tolling); *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 n.2 (7th Cir. 2014) (same). We agree with the district court that even if Hernandez had stated a discrimination claim against the Agency, she has pointed to no plausible basis for equitable tolling. She has asserted a continuing violation in only conclusory terms, providing no details about her former supervisor's conduct or how it might relate to the workplace problems underlying the discrimination claim. *See Lucas v. Chi. Transit Authority*, 367 F.3d 714, 724–26 (7th Cir. 2004).

Hernandez's remaining argument—that the district court ignored her claim under the Illinois Whistleblower Act—is also meritless. The statute protects employers from retaliation for "refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation" or for reporting unlawful conduct to the authorities *See* 740 ILCS 174/15, 174/20. Though Hernandez cryptically mentions in her complaint a failure to hire licensed care providers, a missing paycheck, and her supervisor's discussions with the "Justice Department," she does not allege that she refused to participate in any illegal conduct or disclosed it to law enforcement.

AFFIRMED