**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

AMENDED December 5, 2005
Argued May 6, 2005
Decided November 29, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3625

| | |
|---|---|
| YVONNE AVERHART,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MICHAEL SHEAHAN, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>Nos. 01 C 5569, 02 C 3981<br><br>**Arlander Keys**, *Magistrate Judge.* |

**O R D E R**

This case arises out of the same set of events that were before us in *Smith v. Sheahan*, 189 F.3d 529 (7th Cir. 1999). In that case, Valeria Smith had brought a Title VII claim against Cook County Sheriff Michael Sheahan, claiming that she had been the victim of sex discrimination in the form of "hostile environment" sexual harassment. The district court had granted summary judgment in Sheahan's favor, but this court reversed, finding among other things that affidavits submitted by other correctional officers helped to demonstrate the existence of genuine issues of material

fact. Yvonne Averhart, plaintiff in the case now before us, was one of those co-workers, as we acknowledged in the *Smith* opinion. See *id.* at 531. According to Averhart, as soon as the Sheriff's Department learned of her role in Smith's case, it began to retaliate against her, through a series of steps that culminated in her termination. The Sheriff admits that he fired Averhart, but he claims that it was for quite a different reason: that she had been arrested for shoplifting and that she had committed serious violations of departmental regulations by developing personal relationships with jail inmates.

Averhart contested his action through two complaints in federal court, which were consolidated and handled by Magistrate Judge Keys, with the consent of the parties. See 28 U.S.C. § 636(c)(1). The magistrate judge granted summary judgment for the defendants. Averhart has appealed, but our consideration of her case is significantly hampered by the poor state of the record on appeal. Federal Rules of Appellate Procedure 10 and 11 impose the responsibility of assembling the record on the appellant, but she has largely failed to do so here. That leaves this court with the options of either dismissing if the state of the record precludes meaningful review or taking the record as it exists and performing the usual *de novo* review of the decision granting summary judgment. See *Fisher v. Krajewski*, 873 F.2d 1057, 1061 (7th Cir. 1989). Given that the appellant had the burden of providing the record, that she did in fact provide part of the record, and that both sides have fully briefed the issues before us, we take the second option, even though the record does not include some of Averhart's own key documents.

The facts that we set forth here, which we present in the light most favorable to Averhart, are those that we can glean from the memorandum opinion and order filed by the magistrate judge as well as the limited record provided on appeal, which consists principally of the complaints and the defendant-appellee's Rule 56 Statement of Facts in Support of Summary Judgment and accompanying exhibits. After Averhart submitted her affidavit in Smith's case, the department began disciplining her for minor and concocted infractions. Averhart filed a number of grievances complaining of the department's actions against her and eventually filed a complaint with the Equal Employment Opportunity Commission (EEOC). According to Averhart, her complaints prompted increasingly severe retaliations, culminating in her dismissal from the Sheriff's Department in June 2003.

The defendants' explanation of the events leading to Averhart's termination fills in quite a number of additional facts. While Averhart's EEOC charge was pending, the Chicago police arrested her for shoplifting. Around this same time, in late 2000, the County's Internal Affairs Department (IAD) revealed that it had been investigating accusations that Averhart had developed improper personal relationships with a number of inmates. The IAD's investigation revealed that inmates had called Averhart's home more than 200 times. Citing her arrest and the findings of the IAD

investigation, the County's Employee Discipline Administrator recommended that the County fire Averhart. Following up, the County lodged a complaint with the Cook County Sheriff's Merit Board seeking Averhart's termination. On June 11, 2003, after a series of hearings, the Merit Board concluded that Averhart had indeed violated a number of departmental regulations and should be terminated. Thus, the defendants submitted to the district court, it was not retaliation that led to Averhart's dismissal, but her own improper and illegal actions.

In the meantime, before the Merit Board ruled against her, Averhart filed two complaints in federal district court. In both of them, Averhart alleged that the defendants' actions against her were in retaliation for speaking out against sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and that their actions infringed her First Amendment rights, in violation of 42 U.S.C. § 1983. The defendants filed a motion for summary judgment, which the court granted on September 9, 2004. In large part, the court relied on the Merit Board's conclusion that Averhart deserved to be fired, writing that "Plaintiff has not produced any admissible evidence demonstrating that these charges were not valid . . . . Nor has Plaintiff pointed to any evidence demonstrating that the Merit Board was influenced by retaliatory intent, or any other improper motivation, in sustaining the charges against her."

After the court granted the defendants' motion, the Circuit Court of Cook County, in the course of an administrative review hearing, reversed the Merit Board's order and remanded the case to the Merit Board for further proceedings. Although this occurred after the summary judgment proceedings in the district court, Averhart has informed us of this later judicial development in her brief, and the defendants not only concede that the Circuit Court so ruled, but they have also withdrawn their *res judicata* argument based on this later event.

The record therefore shows that wholly apart from the "concocted" and "minor" disciplinary matters, Averhart was arrested for shoplifting and that the Sheriff had reason to believe at the time of her termination that she had extensive improper contact with inmates. This evidence is unrebutted. As this court stated in *Stone v. City of Indianapolis Public Utilities Division*, "If the defendant presents unrebutted evidence of a noninvidious reason for the adverse action, he is entitled to summary judgment." 281 F.3d 640, 644 (7th Cir. 2000). Even if this case were viewed through the lens of mixed-motive analysis, see *Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003), where the employer must demonstrate that it would have made the same decision absent the protected conduct, these unrebutted findings satisfy that burden. In other words, even viewed in a light most favorable to Averhart, the shoplifting arrest and allegations of improper conduct with inmates were sufficient to demonstrate that the Sheriff's actions did not constitute retaliation in violation of 42 U.S.C. § 1983. This is true even though the Merits Board, at the direction of the Circuit Court of Cook

County, is revisiting the issue. There is no doubt that at the time the Sheriff's Department took its action against Averhart, it had every reason to believe that she had committed serious violations of departmental policy.

While we conclude based on the record before us that the defendants did not retaliate in violation of Averhart's constitutional rights, we take no position on the proper result of the proceedings before the Merit Board or, should the Board's decision be appealed once again, on anything that might be presented to the state courts of Illinois.

The grant of summary judgment in this case is hereby **A**FFIRMED.