In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2949

YVONNE AVERHART,

*Plaintiff-Appellant,*

*v.*

SHERIFF OF COOK COUNTY, ILLINOIS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 C 7444 — **Charles R. Norgle**, *Judge.*

SUBMITTED MAY 21, 2014 — DECIDED MAY 28, 2014

Before POSNER, FLAUM, and EASTERBROOK, *Circuit Judges.*

PER CURIAM. Yvonne Averhart, formerly employed as a guard at the Cook County Jail, was suspended without pay in 2001 and fired in 2003. She filed her first federal lawsuit in 2001; the current suit is her fourth. She has lost them all. She filed and lost two state suits as well. The district court dismissed the current suit as barred by the earlier decisions.

Averhart believes that the Sheriff's Department, which manages the Jail, set out to punish her for corroborating a

coworker's accusation of sexual harassment by a male guard. See *Smith v. Sheahan*, 189 F.3d 529, 531 (7th Cir. 1999). The Department retaliated, she maintains, by falsely accusing her of insubordination and other infractions. In 2000 she filed an administrative charge of discrimination. That charge was pending before the Equal Employment Opportunity Commission in January 2001 when Averhart learned that the Department was investigating her recent arrest for shoplifting and allegations that she was fraternizing with prisoners and smuggling drugs and other contraband into the jail. The Sheriff decided that Averhart should be fired and in May 2001 suspended her without pay. He asked the Merit Board to approve her discharge, contending that Averhart had lied to the Department during its investigation and engaged in inappropriate contacts with prisoners.

The Merit Board, whose members are appointed by the Sheriff with the approval of the Cook County Board of Commissioners, see 55 ILCS 5/3-7002, approved Averhart's discharge in mid-2003, effective as of May 2001. (In other words, the Board decided that Averhart would not receive back pay for the time between her suspension and her discharge.) Averhart challenged the Board's decision in state court. In 2007, after twice remanding the matter to the Board for further consideration, a circuit judge upheld Averhart's discharge. The judge later denied Averhart's motion to vacate that ruling, and the appellate court affirmed both rulings. *Averhart v. Cook County Sheriff's Department*, 387 Ill. App. 3d 1170 (2009) (table decision), 2011 IL App (1st) 103109-U (Dec. 16, 2011). Averhart also sued the Merit Board and each of its members; the circuit court dismissed that suit in 2008 for want of prosecution. See *id*. at ¶12 n.1.

Federal litigation began even before Averhart was fired. Before receiving a right-to-sue letter from the EEOC, Averhart filed a Title VII case in the district court. She alleged that the Sheriff's Department had imposed discipline for contrived or exaggerated infractions because she supported her female coworker. Then in June 2002, after receiving the EEOC's permission but while the Merit Board was still considering her case, Averhart filed a second Title VII suit. This time she alleged that the Sheriff's Department had retaliated against her "by suspending her based upon false allegations on or about May 29, 2001." The district court consolidated the two lawsuits and in September 2004 granted summary judgment for the defendants. The judge explained that the Department had "offered a legitimate explanation for terminating Plaintiff, which Plaintiff has failed to rebut." We affirmed. *Averhart v. Sheahan*, No. 04-3625 (7th Cir. Nov. 29, 2005) (nonprecedential disposition).

Averhart filed and dismissed a third federal suit. This is her fourth. Her complaint again alleges that her discharge was retaliatory, and for the first time she raises allegations of race and sex discrimination. The district court concluded that Averhart does not have a claim against the Merit Board, because it was an adjudicatory body rather than her employer. With respect to the Sheriff's Department, the court concluded that Averhart's claims are precluded by her earlier lawsuits in both federal and state court. 2012 U.S. Dist. Lexis 133530 (N.D. Ill. Sept. 11, 2012).

Averhart's appeal is frivolous. She does not explain how the Merit Board, as an adjudicator, could be liable under Title VII or any other federal statute. She was never the Board's employee. As for the claim against the Sheriff's De-

partment: it was filed almost a decade beyond the statute of limitations (which allows only 90 days from the right-to-sue letter, see 42 U.S.C. §2000e–5(f)(1)) and, as the district judge observed, also is barred by the doctrine of preclusion (res judicata). That Averhart added new theories (race and sex discrimination) to this latest suit does not avoid preclusion, which requires all legal theories that concern the same events to be brought in a single suit. See, e.g., *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir. 1993); *Czarniecki v. Chicago*, 633 F.3d 545, 549–50 (7th Cir. 2011); *Palka v. Chicago*, 662 F.3d 428, 437–38 (7th Cir. 2011).

Averhart has abused the judicial process by attempting to relitigate the outcome of her earlier suits. Refusal to take no for an answer, and a campaign of unending litigation, are intolerable and sanctionable. See, e.g., *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995). We give her 14 days to show cause why the court should not impose sanctions under Fed. R. App. P. 38. The potential sanctions include but are not limited to a financial penalty and an order revoking her privilege of proceeding in forma pauperis. Any financial penalty must be paid promptly, or Averhart will be subject to a preclusion order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). See also, e.g., *In re Chicago*, 500 F.3d 582 (7th Cir. 2007).

AFFIRMED; ORDER TO SHOW CAUSE ISSUED