> NONPRECEDENTIAL DISPOSITION
>
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 29, 2014[*]
Decided September 29, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2148

| | |
|---|---|
| RENEE S. SMITH<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>EMB, INC.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 12 C 07541<br><br>John J. Tharp, Jr.,<br>*Judge.* |

**O R D E R**

Renee Smith appeals from the dismissal with prejudice of her employment discrimination suit against her former employer, EMB, Inc. (a medical supply company). Smith's lawsuit was untimely and her complaint also fails to state a claim for relief. Thus, we affirm the judgment.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Smith, who is black and now 52 years old, worked various jobs during her 7-year tenure at EMB, including sales, billing, and training. She says that she was fired on August 15, 2011, four days after accusing the company of engaging in discrimination. (The operative complaint says that Smith was discharged in *2012*, but all of her other submissions say 2011, as does her brief in this court. We assume that the reference to 2012 is a typo.) Smith, though, was denied unemployment benefits because the Illinois Department of Employment Security concluded that she had left the company voluntarily. Then on June 8, 2012 (298 days after her employment had ended) Smith filed a charge of discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights. She asserted that EMB fired her because of her age, sex, and race, and because she had complained about discrimination.

Smith received a right-to-sue letter on June 21, 2012. Ninety-one days later, on Thursday, September 20, 2012, she filed a complaint in federal district court claiming discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2, e-3, and the Age Discrimination in Employment Act, 29 U.S.C. § 623. The next day Smith filed an amended complaint that incorporates about 25 pages of attached correspondence purportedly showing discrimination. The district court screened the amended complaint, *see Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999), and dismissed it without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, *see Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 820–21 (7th Cir. 2009).

Smith also had asked the district court to recruit counsel. The court denied this request because in her motion Smith conceded that, with time, she would be able to obtain a lawyer without the court's assistance.

EMB was served after Smith filed a second amended complaint, this time alleging only sex discrimination and retaliation. Although Smith used a form complaint for lawsuits brought under 42 U.S.C. § 1983, the company understood her complaint to be premised on Title VII and moved to dismiss the suit on the ground that it is untimely. EMB asserted that Smith had filed suit more than 90 days after receiving her right-to-sue letter, and also that the unlawful conduct alleged in her complaint occurred more than 300 days before she filed her administrative charge of discrimination. *See* 42 U.S.C. § 2000e–5(e)(1), (f)(1); *Groesch v. City of Springfield, Ill.,* 635 F.3d 1020, 1024 n.2 (7th Cir. 2011). In response Smith did not dispute that she was suing under Title VII. She also conceded that she had missed the 90-day window; Smith apologized for being late but did not offer an explanation or excuse for her tardiness. On the other hand, Smith

asserted that her charge of discrimination had been timely because, she insisted, EMB's discriminatory and retaliatory conduct had continued after her discharge.

The district court dismissed the lawsuit with prejudice. The court first concluded that the suit was untimely because Smith had filed it more than 90 days after receiving her right-to-sue letter, and that Smith had not asserted any "extraordinary circumstance" warranting the application of equitable tolling. The court alternatively concluded that, although not all of the allegedly unlawful conduct asserted by Smith had occurred more than 300 days before she filed her administrative charge of discrimination, her second amended complaint nevertheless fails to state a claim for relief.

On appeal Smith concedes, again, that her lawsuit was not filed within 90 days from when she received her right-to-sue letter, but she argues that the district court should have equitably tolled the filing deadline. Her brief is unclear, but we think she is saying that her complaint was untimely because a clerk's office employee misinformed her about the deadline. The defendant ignores the explanation that Smith gives in her brief, which might well have supported a claim of equitable tolling had it been raised in the district court. But it wasn't, and it's too late now. *See FEDNAV Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834 (7th Cir. 2010); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819–20 (7th Cir. 2006).

A Title VII plaintiff must file her lawsuit within 90 days of the date she receives a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Averhart v. Sheriff of Cook County, Ill.*, 752 F.3d 1104, 1106 (7th Cir. 2014). Equitable tolling is available to a plaintiff who has pursued her rights diligently and points to an extraordinary circumstance that prevented timely filing. *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850–51 (7th Cir. 2001). That includes a plaintiff who was misled by the court about the necessary steps to preserve her claim. *Prince v. Stewart*, 580 F.3d 571, 574–75 (7th Cir. 2009). But in her response opposing the motion to dismiss, Smith acknowledged that *she* filed her complaint late and apologized for *her* lack of diligence; she cannot change her story now to shift the blame. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012) (recognizing that plaintiff appealing dismissal of complaint may elaborate on factual allegations but new facts must be consistent with assertions in district court); *Belom v. Nat'l Futures Ass'n*, 284 F.3d 795, 799 (7th Cir. 2002) (noting that arguments not presented to district court cannot be made on appeal).

But even if Smith's complaint was timely, we would still affirm on the ground that her complaint fails to state a claim for relief, although we disagree with the district court's analysis. The district court reasoned that Smith did not adequately plead claims for sex discrimination or retaliation because she did not include enough facts to suggest that she was paid less because of her sex or that she was a victim of retaliation. But Smith was not required to include the degree of factual detail apparently expected by the district judge. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Carlson v. CSX Trans., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1028–29 (7th Cir. 2013). For Smith's claim of sex discrimination, she needed to plead only that EMB imposed a *specific* adverse employment action on the basis of her sex. *See Carlson,* 758 F.3d at 827; *Luevano,* 722 F.3d at 1028. And for her retaliation claim, Smith needed to allege only that she was subject to an adverse employment action after she engaged in a specifically identified *protected* activity. *See Carlson,* 758 F.3d at 828; *Luevano,* 722 F.3d at 1029; *Abuelyaman v. Ill. State. Univ,* 667 F.3d 800, 814 (7th Cir. 2011); *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir. 2006). Still, while these pleading requirements are minimal and far short of what the district court thought necessary, Smith did not meet them. She has yet to illuminate what adverse employment action she suffered because of her sex and what she reported to her general manager as "discriminatory."

Lastly, Smith argues that the district court abused its discretion by refusing to enlist counsel, because, she says, she was unable to navigate the litigation system without professional assistance. In reviewing a district court's decision to deny a pro se litigant's request for recruited counsel, we look at the information provided to the court at the time the decision was made. *Bracey v. Grondin,* 712 F.3d 1012, 1016 (7th Cir. 2013); *Pruitt v. Mote,* 503 F.3d 647, 659 (7th Cir. 2007) (en banc). Here, Smith's request for counsel—in which she assured the district court that she would succeed in retaining counsel if given more time—was made with her complaint that was dismissed at screening. At that stage enlisting counsel would have been premature, *see Romanelli v. Suliene,* 615 F.3d 847, 852 (7th Cir. 2010), and Smith never renewed her request once the defendant was served.

AFFIRMED.