**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided June 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1507

| | |
|---|---|
| ANTHONY J. PARKER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:13CV420 |
| U.G.N. INC., *Defendant-Appellee*. | James T. Moody, *Judge*. |

**O R D E R**

Anthony Parker sued his former employer, U.G.N., claiming race discrimination in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a), age discrimination in violation of the Age Discrimination in Employment Act, *see* 29 U.S.C.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 623(a), and wrongful termination in violation of state law. The district court concluded that the federal claims were untimely and granted summary judgment for U.G.N. on those claims. The court then declined to exercise supplemental jurisdiction over the state-law claim. Parker appeals and we affirm the judgment.

Parker alleged that he was forced to quit his job as shift supervisor after his bosses "harassed" him by telling him that his subordinates would file discrimination complaints against him. Parker says that he resigned from U.G.N. in January 2012 and then filed a charge of discrimination with the EEOC. The EEOC issued a right-to-sue letter in June 2012, but Parker waited more than a year—until November 2013—to bring his suit in federal court. U.G.N. moved to dismiss the federal claims as untimely, and the district court, after initially denying that motion, reconsidered the matter sua sponte and ordered the parties to address, within 30 days, whether summary judgment should be granted on this issue of untimeliness. *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015) (explaining that district court is authorized to enter summary judgment on its own motion). The court further explained that it likely would relinquish supplemental jurisdiction over Parker's state-law claim if his federal claims were untimely.

In response Parker amended his complaint to allege diversity jurisdiction (he said that before filing suit he had relocated from Indiana, where he worked for U.G.N., to North Carolina to attend law school). But the district court was not persuaded by Parker's assertion of North Carolina citizenship and also noted that he had not established U.G.N.'s citizenship. Thus after granting summary judgment for U.G.N. on the federal claims, the court followed through on its plan to relinquish jurisdiction over the claim arising under Indiana law.

In this court Parker mentions the federal claims but mostly takes issue with the district court's decision not to exercise supplemental jurisdiction over the state-law claim of wrongful discharge. There is no doubt that Parker waited too long—523 days—to pursue his federal discrimination claims. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); *Averhart v. Sheriff of Cook County, Ill.*, 752 F.3d 1104, 1106 (7th Cir. 2014); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). And once those claims had been dismissed, the district court properly exercised its discretion to relinquish supplemental jurisdiction over the remaining state-law claim. *See Zappa v. Gonzalez*, 819 F.3d 1002, 1006 (7th Cir. 2016); *Fuqua v. SVOX AG*, 754 F.3d 397, 401 (7th Cir. 2014).

AFFIRMED.