> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 22, 2016[*]
Decided February 22, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2852

| | |
|---|---|
| LAURA A. JENNINGS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CITY OF INDIANAPOLIS,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:15-cv-00333-LJM-MJD<br><br>Larry J. McKinney,<br>*Judge.* |

**O R D E R**

Laura Jennings filed suit against the City of Indianapolis and the Indianapolis Fire Department,[1] alleging retaliation under Title VII of the Civil Rights Act of 1964, 42

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

[1] The Indianapolis Fire Department is not a legal entity separable from the City and thus is not subject to suit. *See Peirick v. Indiana Univ.-Purdue Univ. Indianapolis*

U.S.C. §§ 2000e to 2000e-17, in connection with prior employment-discrimination suits she filed against these defendants. In this suit, instead of asserting any adverse action related to her employment, she raised confusing allegations about the guardianship of her deceased brother, as well as taxes and insurance related to his death. The district court dismissed the complaint because these allegations failed to state an employment-discrimination claim.

On appeal Jennings asserts that the district court erroneously dismissed her suit without allowing a jury to assess the City's wrongdoing. But the court properly dismissed her complaint because she has not alleged that she suffered an adverse employment action, as is required to state a claim under Title VII. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Nor has she specified how the City was involved with her brother's guardianship such that it plausibly could be liable for the guardianship's mishandling. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). To the extent Jennings believes that the district court denied her the opportunity to have those responsible for mishandling the guardianship criminally prosecuted, she is not entitled to demand prosecution. *See, e.g., Castle Rock v. Gonzales*, 545 U.S. 748 (2005); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) (en banc).

Jennings also asks us to strike documents included in the appellee's supplemental appendix, including complaints and court orders from her prior suits. But we may take judicial notice of these documents, *see Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 494 (7th Cir. 2011), and thus deny her request. Jennings additionally asks that we appoint counsel, but we decline to do so because there is no reasonable likelihood that the presence of counsel would alter the outcome of the case. *See Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc).

Finally, Jennings has been a vexatious litigant.[2] We now order Jennings to show cause within 14 days why the court should not impose sanctions under Federal Rule of

---

*Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011).

[2] We already have dismissed for lack of jurisdiction six appeals that Jennings filed while her previous employment-discrimination and retaliation suits against the City were pending before the district court. *See Jennings v. City of Indianapolis, Fire and EMS Department*, No. 12-3500 (7th Cir. Mar. 21, 2013); *Jennings v. City of Indianapolis,*

Appellate Procedure 38 for filing a frivolous appeal. Possible sanctions include revocation of Jennings's IFP status, a fine, and an order under *Support Sys. Int'l., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), barring Jennings from filing any other litigation in this circuit until she has paid all the fees she owes to the district courts in this circuit and to us.

**AFFIRMED**.

---

No. 12-1546 (7th Cir. Nov. 16, 2012); *Jennings v. City of Indianapolis*, No. 12-1531 (7th Cir. May 16, 2012); *Jennings v. City of Indianapolis*, No. 12-1548 (7th Cir. May 16, 2012); *Jennings v. City of Indianapolis, Fire and EMS Department*, No. 12-1554 (7th Cir. May 16, 2012); *Jennings v. City of Indianapolis, Fire and EMS Department*, No. 12-1464 (7th Cir. Apr. 25, 2012). The district court later dismissed at screening, *see* 28 U.S.C. § 1915(e)(2), another of her complaints in which she asserted largely the same allegations as in this suit. *See Jennings v. City of Indianapolis*, No. 1:14-cv-1062-WTL-TAB (S.D. Ind. Oct. 16, 2014). We summarily affirmed. *See Jennings v. City of Indianapolis*, No. 14-3337 (7th Cir. Feb. 12, 2015). We also have either dismissed or summarily affirmed three of her other appeals from suits unrelated to her employment with the Indianapolis Fire Department. *See Jennings v. Vilsack*, Nos. 14-2274 & 14-2627 (7th Cir. Aug. 28, 2014) (summarily affirmed); *Jennings v. Panetta*, No. 12-3922 (7th Cir. May 8, 2013) (dismissed as moot); *Jennings v. Panetta*, No. 12-3522 (7th Cir. Dec. 10, 2012) (dismissed for lack of jurisdiction).