NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 30, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1770

| | |
|---|---|
| CHRISTOPHER STOLLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-1349-JPS |
| WALWORTH COUNTY, *et al.,* | J.P. Stadtmueller, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Christopher Stoller (along with Michael Stoller, who is not a party to this appeal) sued Walworth County, Wisconsin, and many of its public officials for allegedly selling tax-delinquent property at inflated prices based on "sham" appraisals. Stoller contends

---

[*] The appellees were not served with the complaint in the district court and so are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

this practice violates the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, and many state laws. The district court concluded Stoller failed to state a claim upon which relief could be granted. But Stoller was not granted leave to amend his complaint, and he pleaded jurisdiction over his state-law claims based upon diversity of citizenship, so we vacate the judgment and remand the case.

This case was dismissed on the pleadings, so we recount the facts as alleged in the complaint and the documents described in it, making all reasonable inferences in Stoller's favor. *Loja v. Main Street Acquisition Corp.*, 906 F.3d 680, 682 (7th Cir. 2018). We construe his pro se complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and accept all factual allegations as true, *DeGuelle v. Camilli*, 664 F.3d 192, 195 (7th Cir. 2011).

Christopher and Michael Stoller own land in Walworth County. The county treasurer wrote to them in 2017, informing them that a tax-delinquent parcel of land sat next to their property. Believing the value of the parcel to be $2,500, the Stollers made a bid for that amount. Walworth County rejected that bid because it was below the county's appraised value of $11,400. The Stollers alleged that this appraisal, along with Walworth County's other appraisals on its 2017 tax foreclosure list, was a "sham."

The Stollers filed suit, primarily claiming that Walworth County officials had violated and conspired to violate RICO through a corrupt scheme to inflate the appraisal values of real property sold through tax bid sales. They alleged the county failed to obtain valid independent appraisals by using estimates instead of methods consistent with the Uniform Standards of Professional Appraisal Practice. The district court sua sponte dismissed the complaint under the statute concerning proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(ii), for failure to state a claim. First, the court explained that the Wisconsin law governing the sale by counties of tax-delinquent property does not require counties to adhere to the Uniform Standards. WIS. STAT. § 75.69(1). The district court also concluded the Stollers did not allege fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). Finally, the court determined that the Stollers could not state a RICO conspiracy claim without plausibly alleging a substantive RICO violation. The district court dismissed the federal claims, and it also declined to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3). Because of the failure to state a claim, the district court also denied as moot the Stollers' application for leave to proceed in forma pauperis. The district court also entered a final judgment order. *See* FED R. CIV. P. 58.

Christopher Stoller appeals. We review the district court's dismissal of this case under 28 U.S.C. § 1915(e)(2)(B)(ii) under the same standards we apply to Federal Rule of

Civil Procedure 12(b)(6) dismissals—de novo review. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Stoller argues the district court erred by dismissing the complaint with prejudice without granting him leave to amend his complaint.[1] We agree. We have repeatedly stated that the "usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) (collecting cases); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). This proposition has even more force in pro se cases, like this, in which pleading standards are relaxed. *Abu-Shawish*, 898 F.3d at 738; *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (explaining that the "screening requirement does not—either explicitly or implicitly—justify deviation from the usual procedural practice"). Applicable authorities provide that plaintiffs enjoy leave to amend once as a matter of course before service of the complaint, and liberally thereafter "when justice so requires"; this right survives dismissal. FED. R. CIV. P. 15(a); *Luevano*, 722 F.3d at 1024.

The district court did not find that any attempt by Stoller to amend would be futile because of incurable defects. Nor can we say that any amendment would be "futile or otherwise unwarranted from the face of the complaint." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). True, Stoller did not request leave to amend, *see James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 400 (7th Cir. 2006), but we hesitate to strictly require such a motion under the circumstances in this case for several reasons, especially when a litigant is pro se. First, the district court entered judgment immediately upon dismissing the original complaint, so Stoller would have had to convince the district court to reopen the case. Also, simultaneously dismissing a complaint and entering judgment is improper unless the defect clearly cannot be corrected, or an amendment has been unduly delayed or would cause undue prejudice to other parties. *Runnion*, 786 F.3d at 520. Further, because of the failure to state a claim, the district court also denied Stoller's application to proceed in forma pauperis. Stoller then might not have believed himself eligible to file a new complaint or a new case without paying a fee. Under these circumstances, the court should not have denied Stoller the opportunity to amend his complaint after dismissal. *See id.* at

---

[1] The district court did not expressly deem the dismissal of the federal claims as "with prejudice," but a district court's entry of a Rule 58 judgment shows that the court "believes it is done with a case" and renders the decision final and appealable. *Luevano*, 722 F.3d at 1020.

522 ("[A] district court cannot nullify the liberal right to amend under Rule 15(a)(2) by entering judgment prematurely at the same time it dismisses the complaint that would be amended.").

The pleadings present another jurisdictional issue for remand. The district court dismissed without prejudice Stoller's state-law claims by declining to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3). But Stoller appears to have invoked the court's jurisdiction based upon diversity of citizenship, *see* 28 U.S.C. § 1332(a)(1), alleging that the amount in controversy exceeded that statute's requirement of an amount in excess of $75,000 and that the Stollers reside in Illinois while the defendants are citizens of Wisconsin. Of course, "residence" is not synonymous with domicile, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), but the district court did not base its jurisdictional decision on this deficiency. The district court could not dismiss the claims under § 1367(c)(3) if federal subject-matter jurisdiction based on diversity of citizenship existed, and on remand the court should consider the possibility that diversity jurisdiction existed. *See Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668, 675 (7th Cir. 2008) (explaining that the disposition of relinquishing jurisdiction "is barred" when there is diversity jurisdiction).

For these reasons, we VACATE the judgment and REMAND with instructions to permit Stoller to file an amended complaint.