NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided July 12, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 20-3501 & 21-1235

| | |
|---|---|
| TIMOTHY RYAN GOVE, | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 18-cv-1335-pp |
| | |
| SARGENTO FOODS, INC., | Pamela Pepper, |
| *Defendant-Appellee*. | *Chief Judge*. |

## O R D E R

Timothy Gove, a devout Christian, appeals the dismissal of his complaint against his former employer, Sargento Foods, Inc., asserting claims of a hostile work environment based on religion, retaliation, and sex and age discrimination. The district court dismissed the complaint for failure to state a claim. Because the district court imposed a pleading standard stricter than the applicable notice-pleading regime of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Federal Rule of Civil Procedure 8, we vacate the judgment and remand the case for further proceedings.

As he set forth in his second amended complaint, the allegations of which we assume to be true, see *Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 963 (7th Cir. 2019), Gove was subjected to harassment while working as a laborer at one of Sargento's manufacturing plants. Gove, age 57, alleged that Katherine Clauson, a 22-year-old temporary coworker, harassed him—by flirting with him, whistling at him, and gesturing to him in a sexualized manner—because she knew that he was a monogamous Christian. Not long after Gove rejected her advances and reported her behavior to human resources, Clauson and another coworker further badgered Gove when they pretended to vandalize his car. A month after the harassment began, Sargento hired Clauson for a full-time position and transferred her to another plant.

Some months later, other coworkers began to bully Gove. They mocked him for rejecting Clauson's advances, blamed him for causing her transfer, and made sexual gestures at him. In one instance, they pelted him with product-filled boxes while he worked at a machine. Another time, they threatened to beat him up or "put him six feet under." These incidents proved so stressful that Gove needed to take two days off work. He complained to human resources about the sexual comments and the "assault," but Sargento took no disciplinary action. Gove tried to file a grievance, but human resources "refused [him] … the opportunity to file a complaint." Later, Clauson was transferred back to Gove's plant.

A year after the harassment started, Sargento asked Gove without explanation to take a mandatory "Fitness for Duty" exam conducted by a forensic psychologist. Gove did so, despite some reservations. Shortly afterward, Sargento fired him.

Gove then filed this suit, alleging workplace harassment, retaliation, and sex and age discrimination. The district court screened the complaint, see 28 U.S.C. § 1915(e)(2)(B)(ii), but found the allegations insufficient to allow it to determine whether Gove stated a claim. The court directed him to amend his complaint to provide more details about "what happened, who was involved, and what each person did," as well as "who discriminated against him, what discriminating acts occurred, and whether the discrimination was based on race, religion, or some other class protected by the law."

Gove then submitted dozens of pages, naming the coworkers who "abused" him and asserting that he was forced to submit to the psychological exam in retaliation for filing grievances. The court found his submissions unwieldy and unfocused, and it told him again to amend his complaint to clarify the nature of his claims. This would be Gove's "last opportunity," the court warned, to describe how and why his coworkers

harassed him, "what, exactly, they did to him … [and] where they did it," what Sargento retaliated against him for doing, and how Sargento "knew about these events, and what (if anything) [Sargento] did when it learned of them."

Gove amended his complaint to describe specific incidents—including names and dates—when his coworkers harassed him. He also asserted that human resources refused to allow him to file a grievance and fired him in retaliation for complaining about his coworkers' behavior.

The district court dismissed this complaint with prejudice for failure to state a claim. Gove did not state a hostile-work-environment claim, the court concluded, because the harassment he described was not "severe or pervasive" but "[a]t worst … merely vulgar and inappropriate." The court added that Gove tried to "shoehorn" his claims into categories of religious, age, and sex discrimination, but he had not alleged that anyone said anything about his faith, age, or sex. For similar reasons, the court rejected Gove's age- and sex-discrimination theories. It dismissed his retaliation claim because he did not allege that he engaged in any protected activity.

Gove filed a notice of appeal and, on the same day, moved the district court to alter or amend its judgment. See FED. R. CIV. P. 59(e). He sought to introduce new evidence that Sargento, during the suit, had hired women to seduce him and discredit his claim of being a monogamous Christian. The court denied the motion, concluding that he failed to explain why he could not have discovered this information earlier or how it was material. Gove filed a notice of appeal from that ruling as well. We consolidated both appeals.

Gove argues that the district court erred by demanding too much specificity in his complaint. We agree with him. Notice pleading requires only that complaint contain facts sufficient to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Gove, who has not yet had the benefit of discovery, did not need to allege every evidentiary element of his claims. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 514 (2002). And the allegations of his complaint were sufficient to survive dismissal.

First, regarding Gove's hostile-work-environment claim, a fair reading of the complaint shows that Gove alleged harassment so "severe or pervasive" that it created an abusive working environment. See *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017) (citation omitted). He asserted, for instance, that over the course of a year his coworkers made sexual gestures to him, threw materials at him, and threatened to hurt him or vandalize his car because of his faith; this harassment, he said, proved so stressful that he had to take time off work. He also alleged that he reported the harassment

repeatedly to human resources, which did nothing to ameliorate it. The district court, in demanding more specifics about the nature of Sargento's abusive work environment and particular actions taken by individual coworkers or administrators, improperly applied the equivalent of the summary-judgment standard to Gove's claims. See *Huri v. Office of the Chief Judge of Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). By alleging such details as the type of discrimination (religious), who did it, and when, Gove said enough to state a hostile-work-environment claim.

We also conclude that Gove adequately stated a claim of retaliation. Gove needed to assert only that he engaged in protected activity and was subject to an adverse employment action as a result of that activity. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Reporting workplace harassment based on religion is protected activity under Title VII. See *Huri*, 804 F.3d at 833. By asserting that Sargento fired him for his complaints about faith-based harassment, Gove alleged enough to state a claim of retaliation. See *Alamo*, 864 F.3d at 555–56.

Finally, we agree with Gove that the district court erred in dismissing his sex- and age-discrimination claims. He adequately stated these claims by alleging that he was harassed at work and ultimately fired because he was an older male. See *Swierkiewicz*, 534 U.S. at 514; *Freeman*, 927 F.3d at 965.

We emphasize that we conclude here only that Gove's allegations are sufficient to state a claim. We express no opinion about how the district court should evaluate Gove's case at any later stage.

We VACATE the judgment and REMAND for further proceedings.