In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-2903

PAUL CARNES,

*Plaintiff-Appellant,*

*v.*

HMO LOUISIANA, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:22-cv-04179 — **Sara Darrow**, *Chief Judge.*

_____

ARGUED APRIL 3, 2024 — DECIDED AUGUST 20, 2024

_____

Before ST. EVE, KIRSCH, and LEE, *Circuit Judges.*

KIRSCH, *Circuit Judge*. After receiving medical treatment
for degenerative disc disease, Paul Carnes brought a workers'
compensation claim against his employer, Consolidated
Grain and Barge Co., which was eventually settled on a dis-
puted basis. Carnes then sued HMO Louisiana, Inc.—the ad-
ministrator of Consolidated Grain's employer-sponsored
health plan governed by the Employee Retirement Income Se-
curity Act of 1974 (ERISA)—alleging that it violated Illinois

state insurance law by not paying his outstanding medical bills. The court dismissed Carnes's complaint on ERISA preemption grounds but allowed Carnes leave to amend to plead an ERISA claim. Rather than doing so, Carnes moved to reconsider. The district court denied Carnes's motion and ordered the case closed. Carnes timely appealed that final order. Because we agree with the district court that Carnes's state law insurance claim is preempted by ERISA, we affirm.

I

Paul Carnes worked for Consolidated Grain and Barge Co. in 2019 when he was diagnosed with and began receiving treatment for degenerative disc disease. Between February 2019 and January 2020, HMO Louisiana, Inc.—the administrator of Consolidated Grain's employer-sponsored, self-funded ERISA health plan—paid for some (but not all) of Carnes's medical treatments. In April 2020, Carnes filed a workers' compensation claim against Consolidated Grain, which was ultimately settled on a disputed basis (with Consolidated Grain not accepting any responsibility for payment of his medical claims). Following the settlement of his workers' compensation claim, Carnes's outstanding medical balance was around $190,000, and he received at least one collection notice.

Carnes sued HMO Louisiana, claiming that it violated Article IX of the Illinois Insurance Code (without identifying a specific provision) and requesting penalties pursuant to 215 ILCS 5/155 for its alleged "vexatious and unreasonable" failure to pay the amount of his outstanding medical claims. HMO Louisiana moved to dismiss Carnes's complaint, arguing that his claim (brought under Illinois state insurance law) is preempted by ERISA, 29 U.S.C. § 1001 et seq. The district

court agreed and dismissed Carnes's complaint but granted him leave to amend to plead a claim under ERISA. Rather than amending his complaint to plead an ERISA claim, Carnes moved to reconsider under Federal Rule of Civil Procedure 60(b)(6), asking the court to reconsider the dismissal and seeking permission to bring a more detailed Illinois state insurance law claim. The court denied Carnes's motion to reconsider and, finding that Carnes "ha[d] made clear that he does not have an ERISA claim to bring," directed the clerk to "enter judgment and close the case." The final judgment dismissing Carnes's suit was entered the next day. Carnes timely appealed the district court's order denying his motion to reconsider and ordering his case dismissed.

## II

We begin with our standard of review, which is de novo. Because Carnes asks us to review the district court's order denying his Rule 60(b) motion to reconsider, the parties assume that the proper standard of review is abuse of discretion. But "the court, not the parties, must determine the standard of review." *Worth v. Tyer*, 276 F.3d 249, 262 n.4 (7th Cir. 2001); see also *United States v. Vasquez*, 899 F.3d 363, 380 (5th Cir. 2018) ("A party cannot waive, concede, or abandon the applicable standard of review.") (quotation omitted). The parties' confusion stems from the improper filing of and decision on Carnes's Rule 60(b) motion. A Rule 60(b) motion to reconsider "applies only to a final judgment, order, or proceeding." *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (cleaned up). But at the time Carnes filed his Rule 60(b) motion, there was no final judgment. Recall that the district court had dismissed Carnes's complaint but allowed him leave to plead an ERISA claim. See *Lauderdale-El v. Ind. Parole Bd.*, 35

F.4th 572, 576 (7th Cir. 2022) ("The most obvious example: a district court dismisses a complaint for failure to state a claim but allows the plaintiff to amend the complaint. In most cases, such an order is not a final judgment …."). The parties and the district court did not catch this shortcoming, and the district court analyzed Carnes's motion under Rule 60(b)'s legal standard and denied it. But in that same order, the court also directed the clerk to "enter judgment [for HMO Louisiana] and close the case." Thus, the court's order on Carnes's Rule 60(b) motion was a final, appealable order. Carnes filed a timely notice of appeal that encompassed the court's earlier dismissal order because it was not a final, appealable order at the time it was entered. See Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1019 (7th Cir. 2013) ("[A]n appeal from a final judgment allows the appellant to challenge any interlocutory actions by the district court along the way toward that final judgment."). It is the dismissal on the grounds that Carnes's state law claim was preempted by ERISA that we are reviewing, which is a legal determination that we review de novo. *Halperin v. Richards*, 7 F.4th 534, 540 (7th Cir. 2021) ("The district court's ERISA preemption finding is a matter of law that we review de novo."); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) ("We review a district court's decision to dismiss a complaint de novo …."). Regardless, we affirm the district court under de novo review, as we now explain.

Carnes participated in a self-funded, employer-sponsored health plan administered by HMO Louisiana and governed by ERISA. ERISA is a "comprehensive statute" that

"expressly include[s] a broadly worded pre-emption provision" to ensure that "plans and plan sponsors [are] subject to a uniform body of benefits law." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138, 142 (1990). ERISA's preemption clause contains "'deliberately expansive' language," *id.* at 138 (quotation omitted), instructing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a). A state law relates to an ERISA plan—and is thus superseded by ERISA— if it "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). This applies when a state law "governs a central matter of plan administration or interferes with nationally uniform plan administration," even if it does not explicitly reference ERISA. *Halperin*, 7 F.4th at 541 (cleaned up).

We agree that Carnes's claim falls squarely within ERISA's broad preemption. In the complaint, he alleged that HMO Louisiana "vexatious[ly] and unreasonabl[y]" refused to pay his claim, in violation of Illinois law (though he only mentioned an alleged violation of Article IX of the Illinois Insurance Code generally without citing an exact provision). On appeal, he specifically references 215 ILCS 5/154.6, arguing that HMO Louisiana committed an improper claims practice by "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of claims" or by "[r]efusing to pay claims without conducting a reasonable investigation." 215 ILCS 5/154.6(d) & (h). He also sought penalties pursuant to 215 ILCS 5/155, which provides:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of

the loss payable thereunder, or for an unreason-
able delay in settling a claim, and it appears to
the court that such action or delay is vexatious
and unreasonable, the court may allow as part
of the taxable costs in the action reasonable at-
torney fees, other costs, plus an amount not to
exceed any one of the following amounts ….

In other words, Carnes seeks to enforce his rights under
(and receive payment pursuant to) the health plan by arguing
that HMO Louisiana impermissibly refused to pay him bene-
fits, in violation of Illinois state law. He likewise requests pen-
alties under state law. Fatal to Carnes's state law claim is
ERISA's exclusive civil enforcement provision: 29 U.S.C.
§ 1132(a). See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 54
(1987). Thus, Carnes's claim—alleging that HMO Louisiana
violated Illinois state law—seeks to impermissibly "interfere[]
with nationally uniform plan administration" by requesting
"alternative enforcement mechanisms" to ERISA's exclusive
enforcement provision. *Halperin*, 7 F.4th at 541 (quotations
omitted); see also *Pilot Life*, 481 U.S. at 54 ("The policy choices
reflected in the inclusion of certain remedies and the exclu-
sion of others under the federal scheme would be completely
undermined if ERISA-plan participants and beneficiaries
were free to obtain remedies under state law that Congress
rejected in ERISA."). Accordingly, Carnes's claim under state
law is preempted by ERISA.

His state law claim is not saved by ERISA's saving
clause—which "returns to the States the power to enforce
those state laws that regulate insurance." *FMC Corp. v. Hol-
liday*, 498 U.S. 52, 58 (1990) (cleaned up). That is because under
ERISA's deemer clause—which is an exception to the saving

clause—"self-funded ERISA plans [are exempt] from state laws that regulate insurance within the meaning of the saving clause." *Id.* at 61 (cleaned up). In other words, because the challenged health plan is self-funded, the saving clause is inapplicable, and the plan is "exempt from state regulation insofar as that regulation relates to the plan." *Id.* (cleaned up). And as discussed, the Illinois state laws that Carnes challenges relate to the plan at issue.

Carnes also tries to frame his suit as a "coordination of benefits dispute," rather than one seeking to enforce his rights under the plan. This is an impermissible attempt to "creatively plead[]" his way out of ERISA's extensive preemption. *Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 957 (7th Cir. 2004); cf. *Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 454 (7th Cir. 2016) ("An equitable-contribution suit under state law is probably foreclosed by ERISA's broad preemption provision."). At bottom, Carnes is aggrieved by HMO Louisiana's refusal to pay his medical expenses, irrespective of how he structures his argument. Such a remedy is provided by ERISA. *Klassy*, 371 F.3d at 957 ("ERISA provides a remedy for plan participants wrongfully denied benefits. However, such claims must be brought under ERISA and creatively pleading a denial of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA.").

Carnes's suit is preempted by ERISA. Because he concedes that he is not suing under ERISA, Appellant's Br. at 3 ("Carnes's argument in this matter has always been that he does not have an ERISA claim – yet."), the district court did not err in dismissing his case.

AFFIRMED